





**FILED**

JAN 09 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ZACHARIAH DODGE, <br><br> Defendant - Appellant. | No. 06-10150 <br><br> D.C. No. CR-04-00448-DAE <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted December 6, 2006
San Francisco, California

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

Zachariah Dodge became intoxicated on an aircraft en route to Hawaii and caused a disturbance involving several crew members.[1] Dodge pleaded guilty to

---

 \*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [1] Because the facts are known to the parties we do not discuss the details.

interfering with a flight attendant, 49 U.S.C. § 46504.[2] The presentence report ("PSR") calculated a base offense level of 7 and a criminal history category of V. The PSR also stated that there were no aggravating or mitigating factors.

The government filed a motion for upward departure based on Dodge's prior history and on three victim related factors. The district court rejected the victim related factors as reasons for upward departure, but adjusted the sentence upwards based on a number of other factors including the finding that Dodge "endangered every person aboard that aircraft." The court sentenced Dodge to 70 months in prison and three years supervised release. Dodge challenges this sentence on appeal, and we vacate the sentence.

We review sentences for reasonableness. *United States v. Booker*, 543 U.S. 220, 260-61 (2005). However, "after *Booker* we continue to review the district court's interpretation of the Sentencing Guidelines de novo, the district court's

---

[2] 49 U.S.C. § 46504 provides:

An individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both. However, if a dangerous weapon is used in assaulting or intimidating the member or attendant, the individual shall be imprisoned for any term of years or for life.

application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (internal quotation marks omitted).

Dodge argues that he was not given notice under Federal Rule of Criminal Procedure 32(h) that endangering the passengers on the aircraft would be a basis for upward departure from the sentencing guidelines.[3] As Dodge failed to object at sentencing to the adequacy of his notice, his claim is reviewed for plain error. *United States v. Evans-Martinez*, 448 F.3d 1163, 1167 (9th Cir. 2006). Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.* at 1166. "[I]f the failure to provide notice is plain error, we will grant relief if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Because the issue of Dodge threatening the aircraft was not raised prior to sentencing there was a violation of Rule 32(h). We

---

[3] Federal Rule of Criminal Procedure 32(h) provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

3

conclude, however, that the error did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Id.* Accordingly, the district court's failure to provide proper notice was not plain error.

Dodge also argues that the district court improperly applied the Sentencing Guidelines. The district court adopted the PSR's base offense level of 9, as per Guideline § 2A5.2(a)(4), minus a two level reduction for acceptance of responsibility.[4] Recklessly endangering the safety of an airplane (with a criminal history category V) would yield a sentence range of 51-63 months under Guideline § 2A5.2(a)(2). If a two level adjustment for acceptance of responsibility were subtracted the range would be 41-51 months.

To the extent that Dodge's sentence was based on concerns that his actions endangered the aircraft, the proper starting point was level 18 pursuant to

---

[4] Guideline § 2A5.2 covers "Interference with a Flight Crew Member or Flight Attendant." The base offense level is:

> (1) **30**, if the offense involved intentional endangering of the safety of: (A) an airport or aircraft; . . .
> (2) **18**, if the offense involved recklessly endangering of the safety of: (A) an airport or aircraft; . . .
> (3) if an assault occurred, the offense level from the most analogous assault guideline §§2A2.1-2A2.4; or
> (4) **9**.

(Emphasis in original.)

Guideline § 2A5.2(a)(2). Our precedent states that "[i]f there was material error in the Guidelines calculation that serves as the starting point for the district court's sentencing decision, we will remand for resentencing." *Cantrell*, 433 F.3d at 1280. Here, the government concedes that the base offense level should have been 18 under § 2A5.2(a)(2) instead of 9 under § 2A5.2(a)(4), but argues that this error did not affect the final sentence and thus was harmless error.

We need not decide now whether the harmless error rule applies to miscalculating the base offense, because even if miscalculating the starting point may sometimes be harmless, it was not harmless here.[5] There was no discussion of § 2A5.2(a)(2) during the district court proceedings. Accordingly, we cannot be sure that the district court was aware that § 2A5.2(a)(2) recommends a base offense level of 18 for recklessly endangering an aircraft. Had the district court used § 2A5.2(a)(2) as the starting point, as it should have, it may not have sentenced Dodge to more time than the recommended range of 41-51 months. Therefore, we must remand for resentencing.

---

[5] In *Cantrell*, we noted in passing: "If we determine that the sentence resulted from an incorrect application of the Sentencing Guidelines, and further that the error in application was not harmless, we will remand to the district court for further sentencing proceedings . . . ." 433 F.3d at 1279.

Having determined that the sentence must be vacated because the starting point under the Guidelines was incorrect, we decline to address the other arguments raised by Dodge in his appeal. Dodge is free to raise these issues in the district court if they remain relevant on remand. On remand, Dodge and the government also remain free to argue, respectively, for a sentence that is higher or lower than the Guideline range established in § 2A5.2(a)(2).[6]

The sentence is **VACATED** and the case is **REMANDED** for further proceedings consistent with this disposition.

---

[6] Dodge has asked this court to "take judicial notice of other cases that involved the offense of interference with a flight crew in which the defendant received a substantially lower sentence for conduct that was more egregious th[a]n what Dodge did in this case." Because we are remanding without determining the overall reasonableness of the sentence this request is denied as moot.